EUBANK v. CITY OF FT. WORTH.
(No. 8058.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 16, 1915. Rehearing Denied Feb. 20, 1915.)

1. MUNICIPAL CORPORATIONS ☞407—LOCAL IMPROVEMENTS—ASSESSMENTS FOR BENEFITS.
An assessment to pay the cost of a local improvement, levied on property benefited thereby to the extent of the benefit, is not a tax within the Constitution.
[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1003, 1004; Dec. Dig. ☞407.]

2. MUNICIPAL CORPORATIONS ☞586—LOCAL IMPROVEMENTS — ASSESSMENTS — PERSONAL LIABILITY.
An assessment of benefits for a local improvement may be made a personal liability against the owner and collectible out of his property generally.
[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1304-1306; Dec. Dig. ☞586.]

3. MUNICIPAL CORPORATIONS ☞406—LOCAL IMPROVEMENTS — SPECIAL ASSESSMENTS — LEGISLATIVE POWER.
The power of the Legislature over assessments for local improvements is absolute, in the absence of any constitutional restriction.
[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1001, 1002; Dec. Dig. ☞406.]

4. MUNICIPAL CORPORATIONS ☞586—LOCAL IMPROVEMENTS—SPECIAL ASSESSMENTS—PERSONAL LIABILITY OF MARRIED WOMEN.
A city authorized by its charter to assess benefits for a local improvement, which assessment shall be a personal claim against the property owner, may not impose a personal liability against a married woman for an assessment of benefits on the homestead, owned in her separate property right, for Rev. St. art. 4624, empowering a married woman to incur a liability for necessaries furnished herself or children and for expenses which may have been incurred by her for the benefit of her separate property, is an exception on the charter.
[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1304-1306; Dec. Dig. ☞586.]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by the City of Ft. Worth against Mrs. Mattie F. Eubank and another. From a judgment for plaintiff against defendant named, she appeals. Reversed and rendered.

Stephens & Miller, of Ft. Worth, for appellant. H. C. McCart, of Ft. Worth, L. M. Dabney, of Dallas, and W. W. Wilkinson, of Ft. Worth, for appellee.

CONNER, C. J. The appellee city instituted this suit for the use and benefit of the

Texas Bitulithic Company, to recover the cost of a street improvement in front of appellant's property, abutting upon the street. The property was occupied by appellant and her husband, James F. Eubank, as a homestead, but was owned in the separate right of Mrs. Eubank. The improvement and the assessment therefor, which is evidenced by what is designated in the record as "a certificate of special assessment," was made after notice and observance of all requirements of the special charter of the city of Ft. Worth so authorizing. The prayer and petition was for a foreclosure of the lien in such cases given by the charter and for a personal judgment against both James F. Eubank and his wife, Mattie F. Eubank.

The trial court held against the claim of a lien on the lots, in accordance with a decision of our Supreme Court in the case of Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770, because of their homestead character, and also held against the claim of a personal liability of James F. Eubank, on the theory that only owners were personally liable under the charter, but held in favor of the claim of the personal liability of Mattie F. Eubank, and, the judgment having been rendered accordingly, Mrs. Eubank alone appeals.

It is admitted that all proceedings ending in the assessment in question were regular, and that the property assessed was the separate property of appellant. It is also undisputed that Mrs. Eubank neither consented to, nor contracted to pay for, the improvements made, and the only question presented to us is whether under such circumstances, and under the terms of the charter of the city of Ft. Worth, a married woman is personally liable for assessments against her separate property for street improvements. The charter of the city authorized its board of commissioners, by resolution, to order the making of public improvements, such as are in question in this case, and to contract for their performance. The charter further provided, after notice and hearing, that the board might assess against the owners of abutting property proportionate parts of the cost of improvements; not to exceed the special benefits thereto in enhanced value thereof, arising from the improvements, and to issue certificates of the assessment. It further specially provided that:

"The cost of such improvements assessed against any property or its owner, together with the interest and costs of collection, and reasonable attorney's fees, when incurred, shall constitute a personal claim against such property owner, and be secured by lien on such property superior to all other liens, claims, or titles, except lawful taxes, and such liability and lien may be enforced in any court having jurisdiction," etc.

[1] It is definitely settled, in the authorities of this state, that an assessment of the kind under consideration is not a tax, within the meaning of our state Constitution. It is merely a special assessment that may be authorized to the extent that property is benefited by the improvement. See Higgins v. Bordages, supra, and Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884.

[2] In those states where assessments for improvements are limited to benefits conferred, the authorities are conflicting on the question of whether an assessment may be constitutionally imposed upon an owner of property benefited, which may be collected out of any of his property generally; the theory of the cases denying the power being that such assessments are purely in the nature of a local tax for a local improvement, and that to extend the liability of the owner beyond the value of the lot benefited (upon which a lien may be lawfully imposed) is to burden him with the payment for a benefit in which property owners generally participate. In other words, that the property of the owner not specially benefited by the local assessment is affected by the improvement only, as is the property of all other members of the community, and that as to it there is no sound reason for a discrimination in imposing the burden of the assessment. See Neenan v. Smith, 50 Mo. 525; 2 Page & Jones on Taxation by Assessment, § 1039, and authorities cited.

In our own state, however, a contrary view has been expressly adopted, and the power of the Legislature to impose a personal liability in such cases is expressly upheld. See Storrie v. Cortes, 90 Tex. 283, 38 S. W. 154, 35 L. R. A. 666, by our Supreme Court, and Lovenberg v. City of Galveston, 17 Tex. Civ. App. 162, 42 S. W. 1024, and Bennison v. City of Galveston, 18 Tex. Civ. App. 20, 44 S. W. 613, by the Court of Civil Appeals for the First District, in each of which cases a writ of error was denied. In none of the Texas cases, however, was the personal judgment against a married woman. Indeed, in the case of Storrie v. Cortes, the wife was held not to be personally liable. The ruling, however, appears in an answer to a certified question from the Court of Civil Appeals for the First District, and it is insisted that the declaration of our Supreme Court that the wife was not personally liable is obiter dictum, and therefore not controlling here. The questions certified were: First, whether, in view of the fact that the contract for the improvement under consideration in that case had been entered into prior to the decision of Higgins v. Bordages, a lien could be enforced against the homestead of Henry W. Cortes and his wife, Mary M. Cortes; and, second, whether, in case no lien could be enforced against a homestead, "are they, or the appellee Henry W. Cortes, personally liable for the amount of the certificates?" The Supreme Court answered that the lien could not be enforced against the homestead, and that "the appellee Henry W. Cortes, being the owner of the property at the time the assessment was made, is personally liable for

the amount of the certificates issued by the city council by virtue of said assessment. Mary M. Cortes, being a married woman, is not liable personally for such assessment." It is insisted, in effect, that, under the terms of the charter of the city of Houston then under consideration, only the owner of the property assessed was made personally liable, and that, the court having stated that Henry W. Cortes was the owner, it is necessarily to be implied that Mrs. Cortes was not, and that therefore the court's conclusion was necessarily right on this ground. An examination of the certificate fails to disclose whether the homestead there under consideration was the separate property of either of the spouses, or community property (which in either case might be made the homestead of the parties), or to otherwise fully develop the circumstances, but the reason given by the learned judge, who wrote the opinion, for denying the personal liability of Mrs. Mary M. Cortes, was that she was "a married woman"; and, in the absence of a more specific showing of what the facts in that case were, we do not feel justified in saying that the Supreme Court failed to correctly state the ground of its ruling. We are the more inclined to this construction of the opinion for the reason that, as an original question, we are disposed to adopt the conclusion as stated.

[3] It must be admitted, we think, that the power of the Legislature over assessments for local improvements is to be measured by its own will, in the absence of some constitutional restriction; and we find no constitutional provision which would limit the Legislature in expressly imposing upon a married woman a liability such as sought in this case, or from conferring such a power upon a municipality, but the question is whether we must say that the Legislature has done so in the present case.

[4] In other words, while the general terms of the charter, which we have already quoted, are sufficiently comprehensive to include all classes of persons whose incapacity to contract is generally admitted, yet was such the purpose of the Legislature in granting the charter of the city of Ft. Worth? In a very early day the Legislature made the common law of England the rule of decision when not inconsistent with the Constitution and laws of this state, thus by indirection establishing such common law, with the exceptions noted, as a part of the statutory laws of Texas. Under the common law, no personal liability on the part of a married woman could be imposed, except for necessaries. Indeed, as said by the Supreme Court of the United States in Elliott v. Lessee of Peirsol, 1 Pet. 328, 7 L. Ed. 164:

"By the principles of the common law, a married woman can, in general, do no act to bind her. She is said to be sub potestate viri and subject to his will and control. Her acts are not like those of infants, and some other disabled persons, voidable only, but are, in general, absolutely void ab initio." ·

In this state her liability and power have been somewhat enlarged by a grant of power to contract, and to thus incur a liability for debts for necessaries furnished herself or children, and for all expenses which may have been incurred by her for the benefit of her separate property. See Revised Statutes 1911, art. 4624. But, as often as the question has arisen in a long series of years, it has been uniformly held that she cannot be bound, except to the extent and in the precise way provided by the statute. See Encyc. Dig. Tex. Rep. vol. 9, p. 473 et seq., and Texas authorities cited. And we will not impute to the Legislature, from the general words of the charter, a purpose to authorize an imposition of a personal liability upon a married woman on a lot benefited by a city improvement in a case where she has not contracted therefor. To do so is by implication to repeal, in part at least, the common law on the subject, and to say that a married woman may be bound in a circumscribed locality of the city of Ft. Worth, when she cannot be so bound under the same circumstances in the state generally. As said in the recent case of Cole v. State, 170 S. W. 1036, by our Supreme Court:

"Repeals by implication are never favored. Laws are enacted with a view to their permanence, and it is to be supposed that a purpose on the part of the lawmaking body to abrogate them will be given unequivocal expression. Knowledge of an existing law relating to the same subject is likewise attributed to the Legislature in the enactment of a subsequent statute; and, when the later act is silent as to the older law, the presumption is that its continued operation was intended, unless they present a contradiction so positive that the purpose to repeal is manifest. To avoid a state of conflict, an implied repeal results where the two acts are in such opposition. But the antagonism must be absolute—so pronounced that both cannot stand. Though they may seem to be repugnant, if it is possible to fairly reconcile them, such is the duty of the court. A construction will be sought which harmonizes them and leaves both in concurrent operation, rather than destroys one of them. If the later statute reasonably admits of a construction which will allow effect to the older law and still leave an ample field for its own operation, a total repugnance cannot be said to exist, and therefore an implied repeal does not result, since in such case both may stand and perform a distinct office. Especially will this construction be adopted where the older law is particular and expressed in negative terms, and the later statute is general in its nature. In such instances that to which the older law distinctly applied its negative provisions will be regarded as excepted from the operation of the more general statute."

Applying the principles thus stated by our Supreme Court, which might be fortified, if deemed necessary, by a citation of many authorities, we are of the opinion that there is no such pronounced conflict between the general terms of the charter of Ft. Worth which we have quoted, and the common law relating to the liability of married women, as requires the conclusion that both may not be given their appropriate operation. The charter is of general application in the city of Ft.

Worth, and the terms imposing a personal liability upon owners of abutting property are also general, and, in the absence of a specific legislative declaration of contrary effect, we think there should be an exception ingrafted upon the charter, so as to permit the operation of the principles of the common law excluding a personal liability on the part of a married woman, in the absence of a contract.

The foregoing conclusions under the undisputed facts require a reversal of the personal judgment against Mattie F. Eubank, and that a judgment in her favor be now and here rendered. The judgment in other respects will be undisturbed.