## FENSTERMAKER v. CITY OF SAN ANTONIO. (No. 7543.)

(Court of Civil Appeals of Texas. San Antonio. April 7, 1926. Rehearing Denied May 19, 1926.)

1. **Appeal and error ⬤══865.**

In case of judgment by default, no assignment can be presented for consideration, except one of fundamental nature going to very foundation of action.

2. **Municipal corporations ⬤══567(1)—Petition to foreclose tax lien held sufficient on writ of error sued out after personal judgment by default.**

Petition seeking to foreclose tax lien, alleging corporate existence and proceedings to make improvement for which assessment was made, and giving of notices, and setting out amount of assessment, *held* sufficient on writ of error sued out after personal judgment by default.

3. **Pleading ⬤══34(7).**

Every intendment must be indulged in favor of sufficiency of petition on writ of error sued out after taking of default judgment.

4. **Limitation of actions ⬤══173, 182(2).**

Plea of limitation is personal privilege, and cannot avail defendant, unless he pleads it.

5. **Municipal corporations ⬤══564—Limitations barring tax lien as to subsequent purchaser held not to release original owner from personal liability.**

Plea of limitation in action to foreclose tax lien, sustained as to subsequent purchaser of property, cannot avail former owner against whom personal judgment was taken by default, as fact that lien was barred as against purchaser could not release him from personal liability.

On Motion for Rehearing.

6. **Municipal corporations ⬤══567(1)—Petition to foreclose tax lien need not allege that improvement for which assessment was levied was made.**

Petition to foreclose tax lien need not allege that improvement for which assessment was levied was made; such being matter of defense under plea of failure of consideration.

7. **Municipal corporations ⬤══586.**

Under Rev. St. art. 1006–1013, personal judgment for improvement assessment is not dependent on foreclosure of lien as against property.

8. **Pleading ⬤══34(3).**

Every reasonable intendment must be read into petition to sustain it as against general demurrer.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by the City of San Antonio against William Fenstermaker and another. Judgment for plaintiff against the defendant named, and he brings error. Affirmed.

Hertzberg, Kercheville & Thomson, of San Antonio, for plaintiff in error.

Joseph Ryan, of San Antonio, for defendant in error.

FLY, C. J. This is a writ of error sued out by Fenstermaker from a judgment obtained by the city of San Antonio against him for taxes in the sum of $5,651.02. The city of San Antonio sued for taxes due by Fenstermaker, and sought to foreclose a lien on lot No. 2, in new city block 110, on north side of West Commerce street, and made Alexander Joske a party to the foreclosure on the ground that he had acquired title to the lot described with notice of the lien of the city for taxes. Exceptions by Joske were sustained on the ground that the claim against him was barred by limitation of two years, and he was dismissed from the suit. Fenstermaker made default, and a judgment for $5,651.-02 was rendered, but the court declined to foreclose a lien on the property. An interlocutory judgment by default was rendered against Fenstermaker on June 2, 1925; final judgment being rendered on June 22, 1925. The writ of error was filed on December 18, 1925, and afterwards, on December 22, 1925, fourteen assignments of error were filed.

[1] The plaintiff in error proceeds in filing and considering his assignments of error as though he had been present at the trial and saved exceptions to certain matters. In a case of judgment by default no assignment can be presented for consideration, except one that goes to the very foundation of the action, and destroys the vitality and effectiveness of the judgment. If a petition fails to state a cause of action, there would be no basis for the judgment, and the error would be fundamental, and would be considered by an appellate court, in the absence of any assignment of error. It follows that, if there were no assignments filed herein, this court would inquire into the sufficiency of the petition to sustain the judgment.

[2, 3] The petition alleges the corporate existence of the city of San Antonio under a special charter, the passage of an ordinance declaring the necessity for improving West Commerce street between Main Plaza and Santa Rosa avenue by straightening and widening it to a certain width, the necessary details such as the city engineer's plats and specifications, the estimated cost of the improvement, the amount to be paid by the city and the respective owners of property along the street, the assessment of the amounts due by each owner of abutting property, the giving of notices and all the other essentials required by law, and the amount for which plaintiff in error was indebted on the assessment, and the performance and observance

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of all the requirements of the law to fix the lien on the property of plaintiff in error and create a personal liability on his part for the amount assessed against him. Every intendment must be indulged in favor of the sufficiency of the petition, and under that rule a general demurrer would not be efficacious against the petition.

The failure of the petition to allege a cause of action would be the only matter of a fundamental nature presented by the record in this case, and plaintiff in error cannot be heard to present the other matters in his propositions and writ of error sued out under a judgment by default. He was duly summoned to appear more than four months before the appearance day, on which the interlocutory judgment by default was taken against him. All his complaints are either in the nature of special exceptions or in regard to errors that could not for the first time be presented in an appellate court. He delayed the application for a writ of error until within three days of the time when his right to apply for the writ would expire, and, under the circumstances, cannot expect to gain anything by prosecuting the writ of error except time.

[4, 5] Plaintiff in error is in no position to claim anything by reason of limitation, because the plea of limitation is a personal privilege, and cannot avail a defendant, unless he pleads it. The plea of limitation of Alexander Joske could be of no avail to plaintiff in error, but rather accentuates his failure to plead it in the lower court. The fact that the lien was barred as against a purchaser from plaintiff in error could not release him from personal liability.

While it may be true that there is no direct allegation that the street was widened and straightened, the facts alleged lead to but one conclusion, and that is that the work was done, and that plaintiff in error was liable for his assessment of the cost of the improvement.

The judgment is affirmed.

### On Motion for Rehearing.

Much of the motion for rehearing offered by plaintiff in error is devoted to a criticism of what was omitted from the opinion of this court, such as a failure to consider each of the assignments of error presented by a party not at the trial, and all of which are summed up in the proposition that the petition stated no cause of action. This court held that the petition was not subject to a general demurrer, and that answered every question that could be raised on this writ of error. It was the fault of plaintiff in error that he did not answer the citation of the district court, and by his negligence allowed a judgment to be rendered against him. No one would imagine from his brief or motion for rehearing that he had lost anything by voluntarily failing to answer and preserve his rights under court rules and the laws of his state. There was but one error, as stated, that could be considered, and that is that the original petition did not allege a cause of action against plaintiff in error. This court held, and still holds, that it did state a cause of action.

This court is criticized for not reviewing the numerous decisions cited in the brief of plaintiff in error, and for not citing other authorities in the opinion, and also for not copying the original petition into the opinion. The form of the opinions must necessarily, to some extent at least, be left in the discretion of the appellate court, and it has not been deemed heretofore a ground for rehearing that authorities were not cited by the court or parts of the record copied into the opinion. The numerous authorities cited cast no light on the matters before the court.

Not only has this court been advised as to what should have been included in its opinion, but the method by which the court should arrive at a proper solution of the issues is indicated, for instance, by "very carefully reading the original petition," and when that is done it will become apparent that "there is no allegation of any kind that the ordered or contemplated improvement of straightening or widening East Commerce street between Main Plaza on the east and Santa Rosa avenue on the west to a width of 65 feet was ever actually made." The petition has not been copied into the motion for rehearing, but we have again read it, and see no cause to change our former opinion of its being sufficient to show that the improvement on the street was "actually made."

The allegations of the petition showed that an election was held under the terms of the statutes of the state and the ordinances of the city of San Antonio; that, in accordance with the law, the improvement on West Commerce street was ordered; that plans were made and adopted; that the total cost was estimated; that the amounts to be assessed against abutting owners, of which plaintiff in error was one, his assessment being $3,290.-52. It was further alleged that hearings were given to property owners, and especially to plaintiff in error, who failed to appear, and on the hearing a lien was fixed on his property; that an assignable certificate of special assessment was issued by the mayor which sets forth the assessment and other matters, which was payable in five annual installments; and that "said special assessment was levied by virtue of said ordinance, together with previous ordinances, resolutions, and proceedings of the governing body of the city of San Antonio providing for the payment by said defendant, W. Fenstermaker, of his pro rata of the costs of the widening and straightening of said West Commerce street in front of his property." Defendant in error prayed for personal judgment against plaintiff in error and foreclosure of the lien on his property, and properly obtained the

personal judgment by default. The court heard the cause on evidence which could have been brought to this court had plaintiff in error deemed it desirable or expedient.

[6] Not only was the certificate on which the suit was based issued according to law, but it is particularly alleged that it was issued "for the payment by said defendant W. Fenstermaker of his pro rata of the costs of widening and straightening of said West Commerce street in front of his property." That was sufficient as against a general demurrer to show that the widening and straightening was done, but, if there was no such allegation, the petition was sufficient, for the reason that it was not necessary to allege that the work was done. That was a matter of defense under a plea of failure of consideration made by plaintiff in error, and was not a subject of allegation in the petition. Every allegation necessary to a recovery was made in the petition.

Probably plaintiff in error would not have expressed such great interest in how this court would reconcile the opinion herein with the opinion in Elmendorf v. City of San Antonio, 223 S. W. 631, if he had considered the fact that the decision was reversed by the Supreme Court. 242 S. W. 185. It would be a sheer waste of time to be discussing the opinion which was overruled by the action of the Supreme Court. The opinion of the Supreme Court sustains the petition in this case, because it has set out every allegation required by that opinion. It may be interesting to plaintiff in error to state that there is not one word or syllable in the overruled case of this court as to the sufficiency of the petition that requires reconciliation with any holding in this case.

[7] Plaintiff in error seems to labor under the impression that, because no lien was foreclosed against the property, a personal judgment could not be rendered. That, however, is not the law. The personal judgment is not dependent on the foreclosure of the lien. Eubank v. Ft. Worth (Tex. Civ. App.) 173 S. W. 1003; Spears v. City of San Antonio, 110 Tex. 618, 223 S. W. 166; Id. (Tex. Civ. App.) 206 S. W. 703; R. S. arts. 1006–1013.

The endeavor to destroy a personal judgment against plaintiff by making the judgment in favor of Joske a barrier to such personal judgment against him cannot be sustained. The liability of plaintiff in error is in no manner dependent upon the liability or nonliability of Alexander Joske. As hereinbefore stated the petition fully alleged performance upon the part of the city of San Antonio of every requirement of statute and ordinance in fixing the personal liability of William Fenstermaker and the other owners of property abutting on the street, and also to fix a lien on the different properties. It was alleged—

"that pursuant to said ordinance of September 7, 1916, notice by publication in the San Antonio Light for three times, the first of which was more than ten days before the said 25th day of September, 1916, was given to the persons named (that is abutting owners), and particularly to defendant, W. Fenstermaker."

It was further alleged that the city of San Antonio, "on or about the 20th day of November, 1916, by ordinance duly passed and approved, duly levied special assessments against the abutting property upon said West Commerce street, between Main Plaza and Santa Rosa avenue, and personal liabilities against said owners, and fixed a first and paramount lien upon the properties described therein, which lien is superior to all other liens, excepting only state, county, and municipal taxes; and particularly therein and thereby levied a special assessment and personal liability, accordingly, against the defendant, W. Fenstermaker, and against the property owned by him and therein described as lot No. 2, in new city block No. 110, within the corporate limits of the city of San Antonio, Bexar county, Tex., with an abutting frontage on said West Commerce street of 68 feet, in the sum of $3,290.52; and in said ordinance provided that, unless defendant, W. Fenstermaker, paid said assessment on November 30, 1916, deferred payments (payable one-fifth each November 30th after said November 30, 1916) should bear interest at the rate of 8 per cent. per annum until paid, and, in the event of the failure to make payment of any installment of principal or interest as they become due and payable, that the city or any other holder of the debt might elect to mature the entire debt, and that the defendant, W. Fenstermaker, should pay a reasonable attorney's fee, if incurred."

[8] We copy this to show that the petition, in spite of the inapt way in which the name of Joske was coupled with that of Fenstermaker, in connection with the notice and assessment, showed clearly that the property was that of Fenstermaker when the assessment was made. This fact appears all through the petition. The reason for joining Joske in the suit is plainly and clearly set out in the fifteenth paragraph of the petition, where it is alleged—

"That plaintiff is informed, believes, and so charges the fact to be, that defendant, Alexander Joske, since levying of said assessment, as aforesaid, acquired the title to the aforesaid property, and that he had notice of the said assessment lien, and as a matter of law had such notice, and the property so acquired by him became charged with said lien in his hands and is liable for the payment of the said assessment, interest, attorney's fees, costs," etc.

Not only is it iterated and reiterated that, when the assessment was made, the property belonged to Fenstermaker, but it is clearly

stated that Joske had acquired title to it after the assessment was levied, and that "he had notice of such assessment lien." What more could have been alleged? The different reasons alleged for the failure of the petition to state a cause of action are totally without merit and untenable. There is not one word or sentence in the petition that can be tortured into an allegation that the notice was given and the lien fixed after Joske purchased the property. A petition cannot be attacked on general demurrer by reading into it theories founded upon inapt and awkward expressions, but every reasonable intendment must be read into the petition to sustain it.

The motion for rehearing is overruled.