Ex Parte Héctor Ramos Mimoso, Petitioner.

Decided June 24, 1938.

The petitioner appeared by brief.

Mr. Justice Travieso delivered the opinion of the court.

The petitioner applies for admission to the practice of law in the courts of this island without taking an examination. According to his application, the University of Puerto Rico issued to him a diploma of Attorney-at-Law on June 15, 1938, and "under paragraph 2 of section 3 of Act No. 38 of 1916, as amended by Act No. 91 of 1925, the diploma of Attorney-at-Law issued to the petitioner is the equivalent, for all legal

purposes, to that of Bachelor of Laws issued by the University of Puerto Rico." He infers from the above, without alleging it, that inasmuch as the persons who hold a diploma of Bachelor of Laws are exempt from the examination for admission to the Bar required by law, those who hold a diploma of Attorney-at-Law are likewise exempt and therefore he is also exempt.

Section 2 of the Act to regulate the practice of the profession of law in Puerto Rico, as amended by Act No. 1 approved March 21, 1933, (Session Laws, p. 182), provides in its pertinent part as follows:

"All persons not heretofore admitted to practice law in this island, as prescribed in section 1 of this Act, but who shall have obtained a diploma as attorney-at-law in any accredited national or foreign univers'ty or school, shall be admitted to practice law in the courts of Puerto Rico after complying with the following require-- ments, if they prove to the satisfaction of the examiner that they are c'tizens of the United States of America:

"1.     *     *     *     *     *     *     *

"2. To pass before the Supreme Court or before such board of examiners as the Supreme Court may appoint in conformity with this Act, a general oral examination in all subjects prescribed in section 3 of this Act, in the order therein established; *Provided, however, That the persons obtaining the academic degree of Bachelor of Laws from the Law School of the University of Puerto Rico,* beginning with the school course for the year 1932–1933, the latter year included, *shall not be compelled to take the examination* prescribed by this clause in order to practice said profession, and shall have the right to the issuance by the Supreme Court of Puerto Rico, upon request, of the license for the practice of the profession of law, *upon presentation of the diploma* issued by the University of Puerto Rico *showing that they have obtained the academic degree of Bachelor of Laws."* (Italics ours.)

Section 3 of Act No. 91, Session Laws of 1925, in its pertinent part reads as follows:

"Section 3.—Any person not heretofore admitted to practice law or entitled to be subsequently admitted, as prescribed in section 1 of this Act, *and who has not obtained a diploma as attorney-at-law as*

*provided for in section 2 of this Act, may obtain such diploma from the University of Puerto Rico and be admitted to the examination provided for in the aforesaid section,* provided he shall have previously fulfilled the requirements established by the Board of Trustees of the University of Porto Rico as a condition for his admission as student of law in the College of Law of the said University, and shall have passed the same examination on all the subjects required by the said board from all regular students in order to obtain the diploma of Bachelor of Laws; . . . *The diploma of attorney-at-law* issued according to this section, *shall, for all legal purposes, be equivalent to that of Bachelor of Laws* issued by the University, provided, that the student shall have attended, for a full course, the regular classes of the University on at least six subjects of those comprised in the curriculum of the College of Law; . . ."

The last paragraph of the above section assimilates, in general terms, the degree of Bachelor of Laws to the diploma of Attorney-at-Law which the University of Puerto Rico issues, respectively, to its regular and outside students. Nevertheless, the privilege of being exempt from the examination for admission to the Bar, which section 2 of the Act specifically bestows on persons who hold the degree of Bachelor of Laws, is denied in clear and precise terms by the first paragraph of section 3 to those holding the diploma of Attorney-at-Law. In regard to the latter persons, it is declared by the Act that they may "obtain such diploma from the University of Puerto Rico *and be admitted to the examination provided for*" in section 2. In view of such definite provisions there is no room for implying from the last paragraph of section 3 that by assimilating for all legal purposes the diploma of Attorney-at-Law to that of Bachelor of Laws the Legislature meant to confer to the holders of the former the exemption granted to those in possession of the latter. In the construction of statutes genus gives way to species; general to specific provisions. Thus, a general and broad statutory provision which is inconsistent with another specific provision of the same statute gives way to the latter as the expression of the actual will and intention of the lawmaker.

"A masterly analysis of the decisions of the United States Courts pertinent to the matter now in hand will be found in the monographic article on 'Statutes and Statutory Construction', written by Chas. C. Moore and prefixed as a General Introduction to Federal Statutes Annotated. . . .

"And speaking with reference to the rule by which special provisions are held to dominate over general provisions in the same or later laws, the author proceeds: 'It is an old and familiar rule,' said Mr. Justice Lamar, 'that where there is in the same statute a particular enactment, and also a general one, which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.' " *Licheuco & Co.* v. *Apostol,* 44 Phil. 138, 148.

". . . Particular provisions relating to a former subject must govern in relation to that subject as against general provisions in another part of the law which might otherwise be broad enough to include it.

"  *       *       *       .*       *  .       *       *

"In the case of *Crane* v. *Reeder,* 22 Mich. 322, it is said: 'Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which if standing alone would include the same matter, and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act, or provision, especially when such general and special acts are contemporaneous, as the legislature are not presumed to have intended a conflict.' Black on Interpretation of Laws, 116." *University of Utah* v. *Richards,* 77 Am. St. Rep. 928, 930, 933.

"General and special provisions in a statute should stand together, if possible but where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part the particular provisions must govern, unless the statute as a whole clearly shows the contrary intention and they must be given effect notwithstanding the general provision is broad enough to include the subject to which the particular provisions relate." 59 C. J. 1000. (Citations from 36 States and from the Supreme Court of the United States.)

In conclusion, from the foregoing it can be asserted that it is definitely provided by section 3 of Act No. 38 of 1916

that persons holding a diploma of Attorney-at-Law from the University of Puerto Rico must undergo an examination for admission to the Bar, as required by section 2 of said Act. It can likewise be asserted that the effect of the last paragraph of section 3, on which the petitioner rests his claim for admission to the Bar of this Island, is not to supersede, inasmuch as the same is a general provision, the more specific provision of the first paragraph.

■ Moreover, there is another reason militating against the claim of the petitioner, namely, that the exemption from examination for admission to the Bar contained in section 2 is granted by the law soleiy, exclusively, specifically, and expressly on such as have received from the University of Puerto Rico the diploma of Bachelor of Laws.

". . . ; *Provided, however,* That the persons obtaining the *academic degree of Bachelor of Laws* . . . shall not be compelled to take examination . . . and shall have the right to the issuance by the Supreme Court of Puerto Rico . . . of the license . . . upon presentation of the diploma . . . showing that they have obtained the *academic degree of Bachelor of Laws.*"

To dispel any possible doubt as to those entitled to the exemption, after first stating that those shall be exempted who hold the academic degree of Bachelor of Laws, it finally says that the diploma shall be proof of the academic degree of Bachelor of Laws.

This exemption constitutes an exception to the general rule and as a privilege and an exception it must be strictly construed.

"It is a settled rule of statutory construction that exceptions will not be ingrafted on statutes by implication or merely because good reason might be found for adding them. *Spears* v. *San Antonio,* 110 Tex. 625, 223 S.W. 166; *Wallace* v. *Stephens,* 74 Tex. 560, 12 S.W 283; *Laughter* v. *Seela,* 59 Tex. 186." *Bradley* v. *Gilliam,* 260 S.W. 289, 292.

"Where a general rule has been established by statute, with exceptions, the court will not curtail the former nor add to the latter

by implication. Exceptions strengthen the force of a general law and enumerations weaken it as to things not expressed.'' Sutherland on Statutory Construction, sec. 328, cited with approval in *Burns* v. *City of Nashville,* 178 S.W. 1053, 1054.

This point is relied upon by this court for its decision in *Ex parte Muñoz Igartúa,* 41 P.R.R. 370, where the same question as the one now submitted to us by the petitioner was settled. The following is from the opinion:

''The rule established by the act aforesaid is that all persons must take oral examinations unless they have obtained a bachelor of laws degree in the University of Puerto Rico. The petitioner does not bring himself within the exception. While perhaps the title obtained by the petitioner involves the same amount of knowledge possessed by any other graduates of the school of law, yet, supposing we had the power, we are not disposed to transcend the exception made by the Legislature.''

This case was confirmed in *Ex parte Brunet,* 42 *Decisiones de Puerto Rico,* p. 1001, *per curiam* decision of June 22, 1931.

For the foregoing reasons, the application of the petitioner must be denied.