

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 22, 1960

Mr. William J. Gillespie
County Attorney
Lubbock County
Lubbock, Texas

Opinion No. WW-862

Re: Does Article 2892, Ver-
non's Civil Statutes,
mean that children can
be compelled to attend
school only during the
first one hundred twen-
ty days of the school
year, and related
questions.

Dear Mr. Gillespie:

We are in receipt of your letter requesting an opinion on the following questions:

"a) Does Article 2892 /Vernon's Civil Statutes/ mean that children can be compelled to attend school only during the first one hundred twenty days of the school year?

"b) Does Article 2892 /Vernon's Civil Statutes/ mean that children can be compelled to attend school at any time during the school year until a total of one hundred twenty days attendance is reached.

"c) Does the failure to file a complaint within the first one hundred twenty days of the school year preclude a criminal action against the parent under Article 299?"

Article 2892, Vernon's Civil Statutes, reads as follows:

"Every child in the State who is seven years and not more than sixteen years of age shall be required to attend the public schools in the district of its residence, or in some other district to which it may be transferred as provided by law, for a period of not less than one hundred and twenty days. The period of compulsory school attendance at each school shall begin at the opening of the school term unless otherwise authorized by

the district school trustees and notice given
by the trustees prior to the beginning of such
school term; provided that no child shall be
required to attend school for a longer period
than the maximum term of the public school in
the district where such child resides."

The Court in Trimmer v. Carlton, 116 Tex. 572, 296
S.W. 1070 (1927), in interpreting a statute held that it is
the duty of the court to ascertain the intention of the Leg-
islature and that words will not be given their literal
meaning where such an interpretation will lead to an absur-
dity or thwart the plain purpose of the Legislature. The
Court also held that in interpreting a statute it is the
duty of the court to consider the whole Act, including the
caption, the Act itself and the emergency clause, in order
to arrive at the intention of the Legislature. The Supreme
Court in Spears v. City of San Antonio, 110 Tex. 618, 223
S.W. 166 (1920) held these to be the primary rules of con-
struction.

The caption of the original compulsory education Act,
Acts 1915, page 92, begins as follows:

"An Act to compel attendance upon public
schools of Texas by children between the ages
. . ."

Section 1 of this Act, from which Article 2892, Ver-
non's Civil Statutes, and Article 297, Vernon's Penal Code,
were derived, reads in part as follows:

"Section 1. Attendance Requirements and
Provisions. - Every child in this State who is
eight years and not more than fourteen years
old shall be required to attend the public
schools in the district of its residence, or in
some other district to which it may be trans-
ferred, as provided by law, for a period of not
less than sixty days for the scholastic year,
beginning September 1, 1916, and for a period
of not less than eighty days for the scholastic
year beginning September 1, 1917, and for the
scholastic year 1918-19, and each scholastic
year thereafter a minimum attendance of 100
days shall be required. . . ." (Emphasis added)

It is our opinion that the language of this Act shows
the primary intent of the Legislature to compel a minimum

attendance and that the number of days rather than a particular calendar period is what was intended by Section 1.

This view is in accord with that of the Texarkana Court of Appeals which held as follows in the case of Palmer v. District Trustees of District No. 21, 289 S.W. 2d 344, error ref. n.r.e. (1956).

> ". . . It is our view that the paramount purpose of the compulsory school law is to compel parents, or persons standing in parental relation to children subject to the compulsory school law, to see that such children attend school . . ."

This interpretation is supported further by the Acts of 1939, 46th Legislature, page 227, which amended Article 297 of Vernon's Penal Code. The Legislature in 1935 (Acts 1935, 44th Legislature, page 409, chapter 160) had amended Article 2892, Vernon's Civil Statutes, and Article 297, Vernon's Penal Code, to lower the minimum age and raise the maximum age. Article 2892, Vernon's Civil Statutes quoted above is identical to the 1935 Act. The Legislature in the 1939 amendment inserted the word "annually" after the words "one hundred twenty days" in Article 297. Section 2 of the 1939 amendment expresses the legislative intent as follows:

> "Sec. 2. The fact that the word 'annually' was omitted from Article 297 as amended whereas it was clearly the intent of the Legislature as expressed in the Act to require school attendance of one hundred and twenty (120) days each scholastic year . . ."

This language shows clearly that the Legislature was concerned with a minimum number of days in attendance in contrast to a certain period on the calendar. It is our opinion that by the doctrine of "pari materia" (See Texas Juris. Vol. 39, page 253) Article 2892, Vernon's Civil Statutes, would be governed by the same interpretation, as Article 297, Vernon's Texas Penal Code.

In view of the reasons and rules of construction stated above you are advised that your first question is answered in the negative and that your second question is answered in the affirmative.

Applying the same reasons and rules of construction stated above we are of the opinion that the failure to file a complaint within the first one hundred and twenty days of the

school year will not preclude a criminal action against the parent or person standing in parental relation to the child under Article 299 of the Penal Code.

Your third question is, therefore, answered in the negative.

## SUMMARY

The compulsory education law, specifically Articles 2892, Vernon's Civil Statutes, and 297, Vernon's Penal Code, requires school attendance for a minimum of one hundred twenty (120) days a year. The failure to file a complaint within the first one hundred and twenty days of the school year will not preclude a criminal action against the parent or the person standing in parental relation to the child under Article 299 of the Penal Code.

Very truly yours,

Robert A. Rowland
Assistant Attorney General

RAR:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Donald R. Bernard
Houghton Brownlee, Jr.
Riley Eugene Fletcher
James R. Irion, III

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore