### GEORGE v. THOMPSON. (No. 457.)

(Court of Civil Appeals of Texas. Beaumont. April 24, 1919. Rehearing Denied May 21, 1919.)

1. APPEAL AND ERROR ⬅️1001(1)—REVIEW—SPECIAL VERDICT — SUFFICIENCY OF EVIDENCE.

Plaintiff vendor's explicit testimony that he had ‘not waived his vendor's lien *held* to preclude review of special verdict to that effect in view of Rev. St. 1911, art. 1986, as to conclusiveness of special verdicts.

2. APPEAL AND ERROR ⬅️242(1) — ASSIGNMENTS OF ERROR—COSTS.

Where taxing of certain costs was never passed upon by trial court except by overruling a motion for new trial, the question is not presented for review, especially where court's invitation to present motion for retaxing costs was ignored.

3. COSTS ⬅️173(1) — TAXATION — ATTORNEY'S FEES.

Under direct provisions of Rev. St. 1911, art. 1941, court may award reasonable compensation to attorney appointed to represent a nonappearing defendant served by publication, and tax such compensation as costs.

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by I. D. Thompson against R. B. George. Judgment for plaintiff, and defendant brings 'error. Affirmed.

George H. Breaker, of Houston, for plaintiff in error.

J. E. Niday, of Houston, for defendant in error.

BROOKE, J. This case was tried twice before a jury, and was a suit on a vendor's lien note in the sum of $150. Prior to submitting the issues to the first jury, the trial court, at the request of the plaintiff in error, ruled that Benson and wife, the makers of the note, must be made parties in order that the judgment may be lodged against them as defendants. This was done over the protest of plaintiff, Thompson, and at the request of plaintiff in error. Thereupon Thompson amended, and served Benson and wife by publication, their residence being unknown. Upon a second trial of the case there was but one issue submitted to the jury, which was:

"Did Thompson, plaintiff, agree that the deed from Benson and wife to Shuford should be drawn without any reference to the $150.00 vendor's lien, retained in Thompson's deed to Benson and wife, with the understanding that by so doing he (Thompson) waived said lien?"

The jury answered the special issue, "No."

It seems that the defendant in error, Thompson, brought suit against plaintiff in error, George, and also against C. W. Benson and wife, Nettie E. Benson, and W. C. Clifton, on a note for $150, executed by C. W. Benson, dated November 18, 1914, payable to the order of I. D. Thompson, given in part payment for lots 3 and 9, and the west one-half of lot 4, in block 3, in Empire addition to the city of Houston, Tex., and to foreclose an alleged vendor's lien on said lot 3 and west one-half of 4.

On November 18, 1914, I. D. Thompson executed a deed to C. W. Benson conveying said lots 3, 9, and west one-half of 4, subject to numerous liens therein mentioned, including the $150 note above mentioned.

On January 19, 1915, C. W. Benson and wife, Nettie E. Benson, executed a deed to W. E. Shuford conveying the west one-half of lot 4 above mentioned, reciting that the grantee assumed the payment of a number of the liens and notes mentioned in the deed from Thompson to Benson, but not mentioning or alluding in any way to the $150 note.

On March 27, 1915, C. W. Benson and wife, Nettie E. Benson, executed a deed to W. C. Clifton conveying lot 3 above mentioned, reciting that the grantee, Clifton, assumed the payment of one-half of the $150 note above mentioned.

On July 26, 1915, W. E. Shuford executed a deed to R. B. George conveying the said west one-half of lot 4 and other property, reciting that the grantee assumed the payment of a number of the liens mentioned in the deed from Thompson to Benson, but not mentioning in any way the $150 note.

This suit as originally filed was against W. C. Clifton along with R. B. George, and sought a foreclosure of said $150 lien both against lot 3 and west one-half of lot 4. In his third amended original petition, on which he went to trial, the plaintiff, Thompson, dismissed as to Clifton, and asked judgment and foreclosure against George and Benson and his wife, Nettie E. Benson, on the west one-half of lot 4 only, for one-half of the $150 note, reciting that since the filing of the suit Clifton had paid his one-half of the note.

The defendant George in his second amended original answer, on which he went to trial, demurred generally to plaintiff's petition, and pleaded a general denial, and alleged that the deed from Benson to Shuford by special request of and agreement with plaintiff, Thompson, omitted mention of the $150 note, and was so drawn by the attorney, W. G. Love, with the consent and agreement of Thompson, for the express purpose of relieving the property conveyed by that deed from all liability for said $150 note and of the vendor's lien securing that note.

The court charged the jury as follows:

"This is a suit by the plaintiff, I. D. Thompson, against the defendants R. B. George and C. W. Benson and wife, Nettie E. Benson, on one certain promissory note executed by the said C. W. Benson and Nettie E. Benson, dated November 18, 1914, for the sum of $150, due one year after date, with interest at 8 per cent. per annum, and providing for 10 per cent. attorney's fees thereon, stipulating that it was given in part payment for and constituted a lien on the property therein described.

"It is admitted by the parties herein that the sum of $75 has been heretofore paid on said note, and that there now remains due thereon the sum of $75, together with 8 per cent. interest from its date and 10 per cent. attorney's fees as specified.

"The defendants, in addition to a general denial, say that the deed offered in evidence from Benson to Shuford, by special request of and agreement with the plaintiff, omits all reference to the $150 note herein sued on, and that said deed was drawn at the request of and with the consent of the plaintiff, Thompson, by W. C. Love, who omitted therefrom all mention of said note for the purpose of relieving and freeing the property conveyed by the deed from Benson to Shuford from all liability for said $150 note, and for the purpose of relieving said property of any vendor's lien securing the payment of same.

"Now, the only question for your determination is whether or not the parties hereto agreed to said omission in the said deed from Benson to Shuford, and whether they agreed that the vendor's lien should not apply to said $150 note.

"This case will be submitted to you upon special issues, the answers to which you will give on a separate sheet of paper, one of your number signing same as foreman; you being the exclusive judges of the facts proven, of the credibility of the witnesses, and of the weight to be given to their testimony, but the law you will take from the court as herein given, and, applying same to the facts so found by you, return your answers accordingly.

"Special Issue No. 1.

"Did or did not the plaintiff, I. D. Thompson, request or agree that the instrument drawn by Mr. Love, conveying the property in question from C. W. Benson and wife to W. E. Shuford, should be drawn without any reference to the $150 lien retained in the deed from Thompson to Benson, with the understanding and agreement that by so drawing the deed said lien for $150 was to be waived by the plaintiff, Thompson?

"You will let your answer be either 'Yes' or 'No,' as you may find the facts to be. And in this connection you are charged that the burden of proof rests upon the defendant to establish the affirmative of this issue by a preponderance of the evidence."

The jury returned a verdict as follows:

"We, the jury in the above numbered and styled cause, answer the special issue submitted to us as follows: Special Issue No. 1, No.
"B. W. Glassman, Foreman."

On October 11, 1917, the defendant George filed a motion to set aside the verdict and for a new trial, and on November 1, 1917, by leave of court defendant George filed an amended motion to set aside the verdict and for a new trial, and also asking that if the court should overrule the motion to set aside the verdict and grant a new trial, and should render a judgment on said verdict, then praying that all costs incurred in making W. C. Clifton a party, and in getting service on him and in dismissing as to him, be assessed against the plaintiff, Thompson, and that all costs incurred in making Benson and his wife parties, and in getting service on them by publication, including the fee allowed the attorney appointed to represent them, be assessed against plaintiff, and that no part of the costs above mentioned be assessed against the property in controversy, to wit, the west one-half of lot 4.

On November 1, 1917, the court overruled the above-mentioned motion, both that portion asking the court to set aside the verdict and granting a new trial, and that portion praying that the costs incurred in making W. C. Clifton a party and in getting service on him and dismissing as to him, and all costs incurred in making C. W. Benson and his wife parties and in getting service on them by publication, including the fee allowed the attorney appointed to represent them, be assessed against the plaintiff, and that no part of said costs be assessed against the property in controversy, viz. the west one-half of lot 4, to which action of the court the defendant George excepted, and filed his exceptions in due form, and said bill of exceptions was duly signed and approved by the trial judge.

The case comes up regularly by writ of error, the petition for writ of error having been filed in the First Court of Civil Appeals at Galveston, and transferred to this court in due order.

[1] The first three assignments will be considered together, as follows:

(a) "The court erred to the prejudice of this defendant in overruling his motion for new trial, and refusing to set aside the verdict and grant a new trial, because the verdict is unsupported by, and contrary to, the testimony of the interested witness, I. D. Thompson, the plaintiff in this case, and the testimony of said Thompson shows that W. G. Love could not have omitted mention of the $150 lien in the deed from Benson to Shuford by oversight, but that he omitted it intentionally, with the knowledge of said Thompson."

(b) "The court erred to the prejudice of this defendant in overruling his motion for new trial, and refusing to set aside the verdict and grant a new trial, because the disinterested evidence that the instrument drawn by W. G. Love from Benson to Shuford omitting any reference to the $150 lien was so drawn with the consent and approval of the plaintiff, I. D. Thompson, was so clear as to make it manifest that the jury misunderstood either the evidence or the charge of the court."

(c) "The court erred to the prejudice of this defendant in overruling his motion for new trial, and refusing to set aside the verdict and grant a new trial, because there was nothing in the evidence to justify the jury in ignoring the testimony of the disinterested witness, W. G. Love, and accepting the testimony of the interested witness, I. D. Thompson."

The proposition under these assignments is as follows:

"The verdict of the jury in finding that the plaintiff did not request that the instrument drawn by Mr. W. G. Love conveying the property in question from Benson to Shuford should be drawn without any reference to the $150 lien retained in the deed from Thompson to Benson, with the understanding and agreement that by so drawing the deed said lien for $150 was to be waived by the plaintiff, Thompson, being a direct contradiction to the positive testimony of the disinterested witness W. G. Love, and supported only by the testimony of the interested witness, the plaintiff, Thompson, it was the duty of the court to set aside the verdict and grant a new trial, as asked for by the defendant George in his motion for new trial."

On the contrary, it is urged that the trial court, having listened to the evidence twice, and having seen the witnesses, was in a better position to judge as to the weight of the evidence than this court could possibly be. Reading the testimony as shown by the record, we find it discloses the fact that the testimony of Mr. Love in the main was:

"I don't remember just what Mr. Thompson said, except that Frost had to be consulted."

Again he says:

"Mr. Thompson was there. I talked to him, but just what he said I could not undertake to repeat at this time."

His final statement was that at the previous trial he had testified that the parties agreed among themselves that they would arrange said $150 note later, but that his recollection was not clear. Nowhere does he say that Thompson agreed to waive the lien. This renders his testimony rather uncertain. On the other hand, Thompson states positively that he did not agree to release the lien retained in his deed to Benson; that they wanted him to do it; that they wanted him to do a half a dozen different things; that he had already made his trade with Benson, and had no interest in Shuford's trade with Benson; that it was nothing in the world to him for Benson to make a trade with any one else, but they wanted him to release this and take it on some other property, and he would not do it; that he did not authorize anybody else to act or agree for him that this lien should be released; that there was never any agreement between him and anybody, or by any agent for him, that the instrument between Shuford and Benson should be drawn so as to omit a reference to this $150 note; that he did not at his meeting with Mr. Love, or at any time subsequent to the drawing of that deed, have any verbal agreement to the effect that that lien should be released.

So there is nothing for this court, under the circumstances, to do. The matter has already been decided in the trial court, and the trial court, as above stated, was in a better position to pass upon the facts and the credibility of the witnesses than this court could possibly be. The fact that Thompson was a party to the suit did not disqualify him as a witness, and the jury evidently believed his statement, and, so far as this court is concerned, it was conclusive. These assignments are therefore overruled. R. S. art. 1986; Scott v. Farmers' & Merchants' Nat. Bank, 66 S. W. 493; Ramsey v. Bank, 177 S. W. 209.

The fourth assignment of error is as follows:

"The court erred to the prejudice of this defendant in overruling this defendant's motion, and refusing to assess against the plaintiff all costs incurred in making W. C. Clifton a party and in getting service on him and dismissing as to him, and in assessing said costs against the property in controversy."

The proposition under this assignment is:

"Clifton having been made a party defendant for the reason that he was the owner of lot 3, and plaintiff having settled with him and dismissed him from the suit, the costs incurred in making Clifton a party and dismissing as to him ought not to be assessed against the west one-half of lot 4, which was the property of the defendant George."

On the contrary, it is urged that where, on appeal from an order overruling a motion to retax costs, there is no statement of facts in the record, it will be presumed there was no error.

[2, 3] It seems that the plaintiff in error did not move to retax costs. His motion for a new trial embraced his assignments as to costs, and the court overruled same as ground for a new trial, but offered to consider a motion to retax costs, and suggested that defendant present same, which counsel declined to do. The trial court did not consider the assignments except as a basis for a new trial. There is no merit in this assignment, and it is overruled.

The fifth assignment of error is as follows:

"The court erred to the prejudice of this defendant in overruling this defendant's motion, and in refusing to assess against the plaintiff all costs incurred in making C. W. Benson and Nettie E. Benson parties and in getting service on them by publication, and the fee allowed the attorney appointed to represent them, and in assessing said costs against the property in controversy."

Under this assignment is the following proposition:

"The defendants C. W. Benson and wife, Nettie E. Benson, not being the owner or having any interest in the west one-half of lot 4 at the time when the suit was filed, or at any time thereafter, as shown by the evidence, but being made parties defendant for the reason only that C. W. Benson executed the note sued on, the costs incurred in making C. W. Benson and Nettie E. Benson parties and in getting service on them by publication, and the fee allowed the attorney appointed to represent them, should not have been assessed against the west one-half of lot 4."

It seems that the plaintiff in error, having prevailed upon the court to require plaintiff below to make Benson and his wife parties, should not now be heard to disclaim responsibility for the costs incurred in so making them parties. They were made parties by the ruling of the court, in response to objection by defendant George that they were necessary parties, being the makers of the note, which was not assumed by defendant George. The plaintiff having been required by the court to make Benson and his wife parties, upon complaint of the defendant it would be unjust to require him to pay the costs incident to making such parties defendant, if this question were properly before this court. The question was never passed on by the trial court, plaintiff in error having refused to submit the question, except in his motion for new trial, which was properly overruled. There is no merit in the assignment, and it is therefore overruled. Article 1941, R. S.; Williams v. Sapicha, 94 Tex. 430, 61 S. W. 115; Bellamy v. McCarthy, 75 Tex. 293, 12 S. W. 849; Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80.

The only issue in the case, as appears

from this record, was a finding of fact made by the jury and approved by the trial court. On the question of costs this court is asked to assess the costs of making Clifton a party when the record shows no statement of facts as to said costs. Benson and wife were made parties by action of the trial court on demand. of plaintiff in error and against the wishes of Thompson, plaintiff below. These costs should be taxed against plaintiff in error, as provided in the judgment.

Finding no error in this record, after a careful investigation we are of opinion that the case should be in all things affirmed.