## NAIL v. McCUE.

### No. 2744.

Court of Civil Appeals of Texas. El Paso.
Dec. 15, 1932.

Harrison, Scott & Rasberry, of El Paso, for appellant.

J. U. Sweeney and J. E. Quaid, both of El Paso, for appellee.

PELPHREY, C. J.

This is a suit by appellee against appellant seeking to recover the sum of $168.50, alleged to be the balance due on an oral contract to do certain plumbing on the property of appellant located on lots 15 and 16, block B, Alamo Heights addition to the city of El Paso, Tex., together with certain extra work performed by appellee at the request of appellant, and to foreclose a laborer and materialman's lien on the above-described property.

Appellee filed in the office of the county clerk of El Paso his affidavit fixing his lien on the property November 6, 1924, and on July 19, 1926, filed his original petition in this suit. Appellant filed his original answer on August 10, 1926, and thereafter on December 13, 1929, filed a bond in the sum of $337, conditioned that he and his surety, if appellee established his claim as asserted in his affidavit, would pay the same together with all costs. On the same date a notice of the filing of said bond was given to appellee.

On December 23, 1929, appellee filed his second amended petition in which he made the Mortgage Investment Company, a corporation, a party defendant, alleging that it was asserting some interest in the property.

On March 10, 1931, appellant filed his first amended answer, demurring generally and specially to appellee's amended petition, generally denied the allegations thereof, and specially denied that appellee had completed his contract, that he ever accepted the work or contracted for the extras claimed by appellee.

Appellant also alleged certain expenses and damages incurred by him on account of appellee's breach of contract and filed a cross-action therefor.

On March 21, 1932, appellant and Mortgage Investment Company filed a motion to abate the suit, setting out the filing of the bond for $337, the giving of notice thereof, and that no suit having been filed to foreclose the lien or recover on the bond within the time prescribed by section 4 of article 5472c of Vernon's Ann. Civ. St., appellee was barred from maintaining or prosecuting his suit.

This plea was overruled by the court.

Appellee dismissed as to the Mortgage Investment Company, and the cause proceeded to trial before a jury, who found that appellee complied substantially with his contract; that $110 was still due appellee thereon; that the extra work was done at the instance and request of appellant; that $48.50 was due appellee by reason of the extra work; and that appellee had instituted his suit and caused the issuance of citation thereon within two years from the time the money was due and payable.

Judgment was rendered that appellee recover the full amount sued for together with interest and foreclosing his lien upon the property.

### Opinion.

The question to this court on this appeal is as to the construction and effect of article 5472c, Vernon's Ann. Civ. St. This article reads:

"Sec. 1. Whenever any lien or liens, other than liens granted by written contracts of the owners of property, shall be fixed or attempted to be fixed, secured or claimed by any instrument filed of record under the provisions of Chapter 2, of Title 90 of the Revised Civil Statutes of 1925, then the owner of the property on which the lien or liens are claimed or the contractor or subcontractor through whom such lien or liens are claimed or either of them, may file a bond with the County Clerk of the County in which the property is located as herein provided. Such bond shall describe the property on which lien or liens are claimed, shall refer to the lien or liens claimed in manner sufficient to identify them and shall be in double the amount of the claimed lien or liens referred to and shall be payable to the party or parties claiming same. Such bond shall be executed by the party filing same as principal and by a corporate surety authorized under the Laws of Texas, to execute such bonds as surety and shall be conditioned substantially that the principal and surety will pay to the obligees named or their assigns the amounts of the liens so claimed by them with all costs in the event same shall be proven to be liens on such property.

"Sec. 2. Upon the filing of such bond, the County Clerk shall issue a notice thereof to all obligees named therein. Such notice shall have attached thereto a copy of the bond. Such notice may be served upon each of such obligees by having a copy thereof delivered to him by any person competent to make oath thereof. The original notice shall be returned

into the office of the County Clerk issuing same and the person making service of any copies thereof shall make oath on the back thereof showing on whom and on what date such copies were served.

"Sec. 3. Such bond, when filed, and such notice, when issued, and returned together with the return thereon shall be recorded by the County Clerk in the Mechanic's Lien Records, and any purchaser or lender may rely upon the record of such bond, notice and return in acquiring any interest in said property and shall absolutely be protected thereby.

"Sec. 4. No action shall be brought or maintained in any court to establish, enforce or foreclose any lien or claim of lien referred to in such bond unless same shall be brought within thirty days after the service of notice thereof as herein provided. After such 30 days and at any time within one year from the date of such service, the party making or holding such claim of lien may sue upon such bond but no action shall be brought upon such bond after the expiration of such period. One action upon said bonds shall not exhaust the remedies thereon but each obligee or assignee of an obligee named therein may maintain a separate suit thereon in any court having jurisdiction.

"Sec. 4a. In case the lien holder shall recover in a suit upon his lien or in a suit upon the bond he shall be entitled to recover in addition to his debt, a reasonable attorney's fee."

The above act was passed by the 41st Legislature (chapter 211), and became effective June 12, 1929, long after appellee had filed his affidavit fixing his lien and had filed his original petition in this suit.

Appellant argues that the Legislature intended the act to apply to all liens filed and claimed under chapter 2, title 90, of the Revised Statutes of 1925, at the time the act became effective, and that it was not intended that it should apply only to those filed after its effective date.

While it is true that ordinarily where a statute contains no exception as to existing cases, the courts are not at liberty to construe it in such manner as to except them from its provisions, yet we cannot believe that the Legislature here intended that a person who had a constitutional lien, and who had secured that lien as provided for by the statutes, would by the act be forced to accept, in lieu of his right to look to the property for his debt, the right to sue upon a bond which the owner of the property had seen fit to execute.

The giving of such an effect would, in our opinion, render the act invalid, and it is a well-settled rule of construction that where one construction will render an act invalid and another will render it valid, the latter construction must be given to it.

We find no error in the trial court's action in overruling appellant's motion to abate the suit or in overruling the plea in bar.

The judgment is affirmed.