**STUBBS v. LOWREY'S HEIRS.**

No. 2965.

Court of Civil Appeals of Texas. Eastland.
Nov. 14, 1952.

Rehearing Denied Dec. 5, 1952.

Brookreson & Brookreson, Seymour, for appellant.

Joe Reeder, Jr., Knox City, for appellees.

313

LONG, Justice.

On March 12, 1925, R. A. Webb conveyed to M. A. Lowrey an undivided one-half of the minerals in and under a tract of land in Knox County, Texas. At the time of the execution and delivery of the above conveyance, there was an outstanding indebtedness against the land which was secured by a deed of trust. On February 5, 1935, a substitute trustee acting under the powers granted in the deed of trust, sold said land to A. D. Bruce to satisfy said indebtedness. Thereafter, Bruce conveyed the land to G. F. Stubbs. This suit was instituted by Stubbs against the heirs of M. A. Lowrey, deceased, in trespass to try title to the land. The Lowrey heirs disclaimed as to the surface of the land and one-half of the minerals thereunder. Upon a trial before the court without the aid of a jury, judgment was rendered in favor of the Lowreys for the title and possession of one-half of the minerals. Stubbs has appealed.

The trial court found that the trustee's sale was had four years, one month and five days after the note secured by the deed of trust matured and, therefore, the sale and deed made thereunder is void.

Appellant, by his first point, contends the trial court was in error in holding that said sale under the deed of trust was void for the reason that two acts of the Legislature made it illegal for the trustee to advertise or sell any real estate for sixty-four days during the year 1933, thereby extending the time of his authority to sell to March 6, 1935. The Legislature, during the depression of 1933, enacted what is known as moratorium statutes. These acts were passed for the purpose of staying sales under executions, orders of sale and deeds of trust. Appellant relies upon S.B. No. 489, Chapter 59, page 126, Acts of the 43rd Legislature and H.B. No. 914, Chapter 105, page 232, Acts of the 43rd Legislature. We have considered these two acts and are of the opinion that they applied only to sales that were then being advertised. It is undisputed that the trustee in the deed of trust in question was not at that time attempting to sell the land in controversy under the powers given him by the deed of trust. But be that as it may, the acts did not attempt in any way to toll the statute of limitation. They did not create an exception to such statutes. The courts will not read into a statute exceptions which are not embodied therein. 34 Am.Jur. 153; 17 R.C.L. 828.

At the time these statutes were enacted limitation had already begun to run against the deed. It is the rule in Texas that when limitation has commenced it will continue to run, notwithstanding any disability of the party entitled to sue or liable to be sued. Joy v. Joy, Tex.Civ.App., 156 S.W.2d 547; Art. 5544, Vernon's Annotated Revised Civil Statutes. Furthermore, the two acts under consideration were held to be unconstitutional. Sharber v. Florence, 131 Tex. 341, 115 S.W.2d 604. We hold that these acts did not extend the period of limitation and the court, therefore, did not err in holding the sale made under the deed of trust void.

By his second point, appellant contends the trial court erred by holding the trustee's deed void under the four year statute of limitation for the reasons that appellees had due and legal notice of said sale at the time it was made and did not at said time make any effort to prevent such sale. We cannot agree with this contention. Art. 5520, Vernon's Annotated Revised Civil Statutes, which was in effect at the time of the sale under the deed of trust, provides, in part, as follows:

"No power of sale conferred by a deed of trust or other mortgage on real estate executed subsequent to the 14th day of July, 1905, and prior to the 1st day of July, 1913, shall be enforced after the expiration of ten (10) years from the maturity date of the indebtedness secured thereby, and no power of sale conferred by any deed of trust or other mortgage on real estate executed on or subsequent to the 1st day of July, 1913, or that may hereafter be executed, shall be enforced after the expiration of four (4) years from the maturity of the indebtedness secured thereby, and any such sale under such powers after the expiration of such times,

shall be void, and such sale may be enjoined and the lien created in any such deeds of trust or mortgages as were executed subsequent to the 14th day of July, 1905, and prior to the 1st day of July, 1913, shall cease to exist ten (10) years after the maturity date of the debt secured thereby, and as to all deeds of trust or mortgages as were executed on or subsequent to the 1st day of July, 1913, or that may hereafter be executed, the lien created thereby shall cease to exist four (4) years after the maturity of the debt secured thereby."

■■ The above statute is not a mere statute of limitation but destroys by prohibition the authority of the trustee in a deed of trust to sell under the instrument. 59 C.J.S., Mortgages, § 558, p. 922; Spain v. Hines, 214 N.C. 432, 200 S.E. 25. Where a debt is barred by limitation the authority of the trustee to sell expires and a sale made by him thereunder is void. The deed of trust note was due January 1, 1931, and no extension or renewal thereof was shown. The sale was made on February 5, 1935, four years, one month and five days after the maturity date of the note. The debt having matured more than four years prior to the sale under the powers given in the deed of trust, the substitute trustee had no authority or power to make said sale. The attempted sale did not divest the Lowrey heirs of their title to the mineral interest involved. Rudolph v. Hively, Tex.Civ.App., 188 S.W. 721 (Err.Ref.); Johnson v. Frierson, Tex.Civ.App., 133 S.W.2d 594; Howard v. Stahl, Tex.Civ.App., 211 S.W. 836; Reed v. Benjamin State Bank, Tex.Civ. App., 114 S.W.2d 365 (Writ Dis.); Brown v. Westerfeld, Tex.Civ.App., 129 S.W.2d 451 (Dismissed. Judgment correct); Yates v. Darby, Tex.Civ.App., 103 S.W.2d 1007, affirmed 133 Tex. 593, 131 S.W.2d 95. (Com.).

■ Appellees filed a cross action to set aside the deed by the substitute trustee to A. D. Bruce dated February 5, 1935.

Appellants contend that this action is barred by limitation for the reason that said deed had been of record for more than seventeen years and that the court, therefore, erred in holding the deed void. We cannot agree with this contention. The execution of the deed from Webb to Lowrey conveyed one-half of the minerals to the land constituted a severance as between the surface of the land and the minerals thereunder, and, therefore, mere adverse possession and use of the surface does not constitute adverse possession and use of the minerals. It is undisputed that appellees' possession of the minerals involved has not been disturbed during said period of time. No suit was filed against them during said period. It is well settled that after the severance of the surface and the mineral estate the possession of the one will not ripen into a limitation title of the other. After the severance of the mineral estate, adverse possession of the surface is not adverse possession of the minerals. Wallace v. Hoyt, Tex.Civ.App., 225 S.W. 425; Rio Bravo Oil Co. v. Staley Oil Co., 138 Tex. 198, 158 S.W.2d 293; Luse v. Boatman, Tex.Civ.App., 217 S.W. 1096; Thomas v. Southwestern Settlement & Development Co., 132 Tex. 413, 123 S.W.2d 290; 31A Tex.Jur. 44.

■ Appellant makes the further contention that the court erred in rendering judgment against him because he purchased the land from Bruce by deed which was good on its face without any knowledge of any infirmities therein; that he had been in possession of the land for these years and is protected as an innocent purchaser thereof. This contention is overruled. The substitute trustee's deed under which appellant claims shows on its face to have been executed more than four years after the maturity date of the debt secured by the deed of trust. We hold the trustee's deed to Bruce did not convey any title to the minerals and was void upon its face. Bruce having obtained no title to the minerals, he, therefore, could not convey any title thereto to appellant.

We have carefully considered all points of error raised by appellant and find no merit in any of them and they are, accordingly, overruled.

The judgment of the trial court is affirmed.