

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 2, 1977

Honorable A. R. Schwartz
The Senate of the State of Texas
Austin, Texas

Opinion No. H-1007

Re: Whether a chartered life underwriter may be licensed as a life insurance counselor without examination.

Dear Senator Schwartz:

You have requested our opinion regarding whether a chartered life underwriter may be licensed as a life insurance counselor without taking the examination therefor. Section 6 of article 21.07-2 of the Insurance Code governing the licensing of life insurance counselors provides:

> It is the legislative intent, and it is hereby provided, that the licensing and regulation of any person acting as a Life Insurance Counselor shall be subject to the same statutes and requirements applicable to the licensing and regulation of agents of legal reserve life insurance companies.

Article 21.07-1 of the Insurance Code, which establishes criteria for the examination and licensing of persons as legal reserve life insurance agents, also provides in its section 5 for the exemption of certain persons from the examination requirement. In 1975, the Legislature created an exemption for any person "who holds the designation of Chartered Life Underwriter (CLU)." Acts 1975, 64th Leg., ch. 731 at 2372. You ask whether, in the light of section 6 of article 21.07-2, this newly created exemption regarding the legal reserve agent examination impliedly exempts charter life underwriters from the life insurance counselor examination as well.

Section 5 of article 21.07-2 was amended in 1969. The amended language first makes the same observation that is repeated in section 6, that

p. 4166

> [t]he licensing and regulation of a Life
> Insurance Counselor, as that term is de-
> fined herein, shall be in the same manner
> and subject to the same requirements as
> applicable to the licensing of agents of
> legal reserve life insurance companies. . . .

Section 5 then states:

> In addition to the above requirements,
> the applicant for licensure as a Life In-
> surance Counselor shall submit to the
> Commissioner evidence of high moral and
> ethical character, documentation that he
> has been licensed as a life insurance agent
> in excess of three years. After the In-
> surance Commissioner has satisfied himself
> as to these requirements, he shall then
> cause the applicant for a Life Insurance
> Counselor's license to sit for an examina-
> tion which shall include the following:
>
> Such examination shall consist of five
> subjects and subject areas:
> (a) Fundamentals of life and health
> insurance;
> (b) Group life insurance, pensions
> and health insurance;
> (c) Law, trust and taxation;
> (d) Finance and economics; and
> (e) Business insurance and estate
> planning.
>
> No license shall be granted until such
> individual shall have successfully passed
> each of the five parts above enumerated.

(Emphasis added).

It is well established that legislative intent must be
determined by consideration of an entire statute rather than
isolated portions. City of Mason v. West Texas Utilities Co.,
237 S.W.2d 273, 278 (Tex. 1951). Although the statutory lan-
guage is somewhat ambiguous regarding the question you pose,
we believe that, when read as a whole, the statute indicates
a legislative intent not to exempt chartered life under-
writers from the life insurance counselor examination.

In construing a statute, the courts will not ordinarily imply an exception.  Spears v. City of San Antonio, 223 S.W. 166, 169 (Tex. 1920); Stubbs v. Lowrey's Heirs, 253 S.W.2d 312, 313 (Tex. Civ. App. -- Eastland 1952, writ ref'd n.r.e.). In our opinion, the language of article 21.07-2, by imposing requirements "in addition to the above requirements," is inconsistent with the claim of an exemption.  Thus, it is our view that the statement of legislative intent in section 6 of article 21.07-2 of the Insurance Code, when read together with section 5, does not impliedly exempt a chartered life underwriter from the requirement of taking an examination as a prerequisite to licensing as a life insurance counselor.

### S U M M A R Y

Article 21.07-2 of the Insurance Code does not exempt a chartered life underwriter from the requirement of taking an examination as a prerequisite to licensing as a life insurance counselor.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml