

# The Attorney General of Texas

September 22, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Woodrow W. Mize, P.E.
Executive Director
Texas State Board of Registration
 for Professional Engineers
P.O. Drawer 18329
Austin, Texas   78760

Opinion No.  MW-368

Re:  License renewal
provisions of Texas
Engineering Practice Act

Dear Mr. Mize:

You have requested our opinion regarding recently enacted licensing renewal provisions of article 3271a, V.T.C.S., the Texas Engineering Practice Act.

Prior to its recent amendment, §16 of article 3271a provided that:

> It shall be the duty of the Board to notify every person registered under this Act of the date of the expiration of his certificate and the amount of the fee that shall be required for its renewal for one year; such notice shall be mailed at least one month in advance of the date of the expiration of said certificate. Renewal may be effected by payment of a renewal fee set by the Board not to exceed Forty-five Dollars ($45.00). The Board is hereby given authority and duty to determine the amount of such renewal fee required to effectively carry out the administration and enforcement of all the provisions of this Act. Failure on the part of any registered engineer to renew his certificate annually shall not deprive such person of the right of renewal, but the fee to be paid for the renewal of a certificate when the renewal is past due shall be increased ten percent (10%) for each month or fraction of a month that renewal payment is delayed; provided, however, that the maximum fee for delayed renewal shall not exceed twice the normal renewal fee.

Senate Bill No. 402, Acts 1981, 67th Leg., ch. ____, at ____, amended section 16 to read, in its entirety:

"Section 16. EXPIRATIONS AND RENEWALS. (a) It shall be the duty of the Board to notify every person registered under this Act of the date of the expiration of his certificate and the amount of the fee that shall be required for its renewal for one year; such notice shall be mailed at least one month in advance of the date of the expiration of said certificate.

(b) A person may renew an unexpired license by paying to the Board before the expiration date of the license the required renewal fee.

(c) If a person's license has been expired for not longer than 90 days, the person may renew the license by paying to the Board the required renewal fee and a fee that is one-half of the application fee for the license.

(d) If a person's license has been expired for longer than 90 days but less than two years, the person may renew the license by paying to the Board all unpaid renewal fees and a fee that is equal to the application fee for the license.

(e) If a person's license has been expired for two years or longer, the person may not renew the license. The person may obtain a new license by submitting to an examination to be determined by the Board and complying with the requirements and procedures for obtaining an original license.

The amended version of section 16 became effective on September 1, 1981. You ask:

1.  Do the penalty provisions of Section 16, subsections (c) and (d) apply to all licenses renewed after September 1, 1981, regardless of the date the license expired?

2.  Can a license that has been expired for two years on September 1, 1981, be renewed?

In effect, you ask whether Senate Bill No. 402 provides a grace for persons whose licenses have expired prior to September 1, 1981, the effective date of the amendment.

A literal reading of Senate Bill No. 402 indicates that its provisions are applicable to every licensee who occupies a particular status on September 1, 1981. Under such a construction, an individual whose license had expired on July 1, 1979, would not, under subsection

(e), be permitted to obtain a renewal, but would be required to fulfill the requirements for obtaining an original license.

In our opinion, the amendment to section 16 is clear and unambiguous. A plain and unambiguous statute should be construed accordingly to its literal meaning. Brazos River Authority v. City of Graham, 354 S.W.2d 99, 109 (Tex. 1961). Furthermore, it is well established that exceptions to statutes may not ordinarily be implied. Spears v. City of San Antonio, 223 S.W. 166, 169 (Tex. 1920); Stubbs v. Lowrey's Heirs, 253 S.W.2d 312, 313 (Tex. Civ. App. - Eastland 1952, writ ref'd n.r.e.); Nail v. McCue, 55 S.W.2d 211, 213 (Tex. Civ. App. - El Paso 1932, no writ). Where the legislature has intended to except certain classes of persons from the requirements of licensing statutes, or to provide a period of grace, it has done so in explicit terms. See, e.g., Acts 1975, 64th Leg., ch. 709, §3, at 2253 (persons engaged in business of structural pest control for a period of two years granted two-year grace period before having to comply with examination requirements); V.T.C.S. art. 6243-101 §10 (persons holding existing plumbing licenses from a city are exempt from examination requirements for state licensing as plumber if they apply within 120 days from effective date of statute); V.T.C.S. art. 4413(29aa) §6(a) (persons who were peace officers prior to effective date of statute need not meet certain requirements in order to continue employment as peace officers). We conclude that the penalty provisions of section 16 apply to all licenses renewed after September 1, 1981, regardless of the date the license expired. In addition, a license that expired more than two years prior to September 1, 1981, may not be renewed.

## S U M M A R Y

The penalty provisions of the amendments to section 16 of article 3271a, V.T.C.S., apply to all engineering licenses renewed after September 1, 1981, regardless of the date the license expired. A license that has been expired for more than two years prior to September 1, 1981, may not be renewed under the terms of the amendment.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Robert W. Gauss
Rick Gilpin
Jim Moellinger