Mr. W.N. Kirby Commissioner of Education Texas Education Agency 201 East Eleventh Street Austin, Texas 78701
Re: Allowable credit for prior state service of student employees
Dear Mr. Kirby:
You inquire about the effect of the definition of a regular employee in article V, section 7(d), of the 1979 General Appropriations Act, and in each subsequent Appropriations Act, on length of service computations for the longevity pay and vacation leave of a state employee with previous employment at an institution of higher education in a position that required student status as a condition for employment. The riders in question provided the following:
 For institutions and agencies of higher education, a regular employee is defined as one who is employed to work at least 20 hours per week for a period of at least four and one-half months, excluding students employed in positions which require student status as a condition for employment. Only regular employees of institutions and agencies of higher education shall be eligible for paid vacation and leave as provided herein.
See Acts 1985, 69th Leg., ch. 980, art. V, § 8d, at 7766.
We conclude that the exclusion of students employed in positions that require student status from the definition of a regular employee at institutions and agencies of higher education renders such employees ineligible for paid vacation while so employed. The length of service computations that determine the amount of longevity pay and vacation leave that an employee eligible for those benefits is entitled to receive are provided by article 6813d, V.T.C.S., and by article V, section 8a of the General Appropriations Act, respectively, neither of which suggests that the legislature intended to exclude the described employment from such computations. V.T.C.S. art. 6813d; Acts 1985, 69th Leg., ch. 980, art. V, § 8a, at 7764.
Longevity pay for state employees is authorized by general statutory law. The statutes provides that
 each state employee covered by the Position Classification Act of 1961, each line item or exempt state employee, each regular full-time hourly employee of the state, and each regular full-time nonacademic employee of a state institution of higher education is entitled to longevity pay of a maximum of $4 per month for each year of service as an employee of the state up to and including 25 years of service. . . .
V.T.C.S. art. 6813d.
The issue before us is not whether a person is an employee who is eligible to receive earned longevity pay under that statute. The issue is the meaning of the phrase "for each year of service as an employee of the state" for the purpose of computing the amount of longevity pay, if any, that an eligible employee has earned. Eligibility is not determined by the same criteria as that used to compute the amount of an eligible employee's longevity pay. Cf. Attorney General Opinion MW-282 (1980) (relating to eligibility of employees to receive longevity pay).
Article 6813d neither defines nor qualifies the meaning of "an employee of the state." It is our opinion that the language of the statute is unqualified and does not exclude any class of state employees. See Attorney General Opinion MW-100 (1979) (prior service as national guard technician credited as service as an employee of the state for purposes of longevity pay under article 6813d). Cf. Attorney General Opinion H-684 (1975) (interpreting phrase "employees of the state" in an appropriations act for purpose of accrual of sick leave).
Where the legislature makes no exception to the provisions of a statute, the presumption is that it intended no exceptions. It is well settled that exceptions and restrictions in statutes are not ordinarily implied. See Smith v. Henger, 226 S.W.2d 425, 435
(Tex. 1950); Spears v. City of San Antonio, 223 S.W. 166, 169
(Tex. 1920); Stubbs v. Lowrey's Heirs, 253 S.W.2d 312, 313
(Tex.Civ.App.-Eastland 1952, writ ref'd n.r.e.). Nothing in article 6813d suggests that the legislature intended to exclude employment at an institution of higher education in a position requiring student status from the computation of the amount of longevity pay under that statute.
It also is well settled that an appropriations act may detail, limit, or restrict the use of funds appropriated by the act, but a rider attached to the General Appropriations Act may not conflict with general law. See Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 600 (Tex. 1975); Moore v. Sheppard,192 S.W.2d 559 (Tex. 1946); State v. Steele, 57 Tex. 203 (1882); Attorney General Opinions JM-343 (1985); M-1199 (1972). In authorizing the use of appropriated funds for paid vacations for state employees, the riders in questino have excluded employees at institutions of higher education who are not regular employees as defined by the riders. Thus, employees at institutions of higher education in positions that require student status as a condition of employment may not receive paid vacations. Student employees' eligibility for paid vacations is a different subject from the computation of the amount of longevity payments under article 6813d, and the rider is not in conflict with article 6813d.
General statutory law does not specify paid vacation for state employees, but riders to appropriations acts have authorized the use of funds appropriated by the acts for state employees' vacations. A rider in the General Appropriations Act for the current biennium provides, in pertinent part, that
 [o]ther than faculty with appointments of less than twelve months at institutions of higher education and other than instructional employees with contracts for periods of less than twelve months at the Texas School for the Blind and the Texas School for the Deaf, employees of the state shall, without deduction in salary be entitled to a vacation in each fiscal year. Such entitlement shall be earned in accordance with the following schedule:

 Maximum Hours to Carry
 Employees With Total Hours Accrued Forward From One Fiscal
 State Employment Of: Per Month Year to Next Fiscal Year
 0 but less than 2 years 7 168
 2 but less than 5 years 8 192
 5 but less than 10 years 9 216
 10 but less than 15 years 10 240
 15 but less than 20 years 12 288
 20 and over years 14 336

An employee will earn vacation entitlement beginning on the first day of employment with the state and terminating on the last day of duty. Vacation entitlement is accrued at the applicable rate cited above. . . . (Emphasis added).
Acts 1985, 69th Leg., ch. 980, art. V, § 8a, at 7764.
Again, the issue before us is not whether an employee of an institution of higher education who is employed in a position that requires student status is eligible to earn vacation entitlement. Article V, section 8d of the same act expressly provides that only regular employees of institutions of higher education are eligible for vacation leave and excludes such employees from its definition of regular employee. The issue is the criteria to be used in computing the amount of vacation entitlement that is earned by a state employee who is eligible for paid vacation. The rider provides that the rate at which vacation entitlement is earned is determined by the employee's "total state employment" without expressly excepting any state employment from the computation. An employee of a college or university who does not qualify as a regular employee eligible for paid vacation because the position requires student status is, nevertheless, in the employment of the state.
It is our opinion that if the legislature intended to limit longevity of state employment for the purpose of computing vacation entitlement by excluding certain state employment, the legislature expressly would have so provided. Cf. Attorney General Opinion H-941 (1977) (time on active military duty included within longevity of employment for purposes of determining amount of vacation entitlement but the accrual of vacation leave while on active duty not allowed). In answering questions concerning the accrual of the proper amount of vacation leave by state employees under prior appropriations acts, this office stated that
 [i]f there be any doubt or ambiguity in the statute calling for construction, it should be resolved in favor of the beneficiary under the well settled canon which demands a liberal construction in favor of encouraging State service by State employees.
Attorney General Opinion M-984 (1971).
 SUMMARY
Computations based on length of service as an employee of the state to determine the amount of longevity pay and vacation leave that an employee eligible for those benefits is entitled to receive are determined by article 6813d, V.T.C.S., and article V, section 8a of the current General Appropriations Act, respectively, and not by article V, section 8d of the current act. Article V, section 8d renders an employee ineligible for paid vacation if the person is employed in a position that requires student status at an institution of higher education as a condition of the employment. Neither article 6813d, V.T.C.S., nor article V, section 8a of the General Appropriations Act exclude such employment from length of service computations that determine the amount of an employee's longevity pay and vacation leave.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Nancy Sutton Assistant Attorney General