Mr. Marvin J. Titzman Executive Director Texas Surplus Property Agency P.O. Box 8120 San Antonio, Texas 78208
Re: Whether the Texas Surplus Property Board may make purchases from the trust fund created by article 6252-6b, V.T.C.S., without approval by the State Purchasing and General Services Commission
Dear Mr. Titzman:
You ask whether purchases by the Texas Surplus Property Agency which are paid for from its Service Charge Trust Fund are subject to purchasing and approval procedures of the State Purchasing and General Services Commission under article 601b, V.T.C.S.
Section 3.01 of the State Purchasing and General Services Act, codified as article 601b, V.T.C.S., provides in pertinent part, that
 (a) The [State Purchasing and General Services Commission] shall purchase, lease, rent, or otherwise acquire all supplies, materials, services, and equipment for all state agencies, except for serial and journal subscriptions for libraries operated as a part of university systems or institutions of higher education. . . . (Emphasis added).
Section 1.02(2) of article 601b defines a "state agency" to include any department, commission, board, office, or other agency in the executive branch of state government created by the constitution or a statute of this state. In our opinion, the Texas Surplus Property Agency, created by article 6252-6b, V.T.C.S., is a state agency within that definition. As such, the Texas Surplus Property Agency is subject to the applicable provisions of article 601b relating to the purchase of supplies, materials, services, and equipment unless an exception has been made by the legislature. Cf. Attorney General Opinion MW-177
(1980) (Higher Education Authority not an agency in executive branch of state government and, therefore, not subject to article 601b).
Where the legislature makes no exception to the provisions of a statute, the presumption is that it intended no exceptions. It is well settled that exceptions in statutes are not ordinarily implied. See Spears v. City of San Antonio, 223 S.W. 166, 169
(Tex. 1920); Stubbs v. Lowrey's Heirs, 253 S.W.2d 312, 313
(Tex.Civ.App.-Eastland 1952, writ ref'd n.r.e.).
Section 3.02 of article 601b expressly limits the State Purchasing and General Services Commission's purchasing authority. Such authority does not extend to purchases
(1) for resale;
(2) for auxiliary enterprises;
 (3) for organized activities relating to instructional departments of institutions of higher learning and similar activities of other state agencies; or
(4) from gifts or grants other than federal grants.
Section 4(g) of article 6252-6b expressly grants an exemption to the Texas Surplus Property Agency from the provisions of sections 8.01-8.10 and 9.01-9.15 of article 601b, which provisions relate, respectively, to accounting for state property and to surplus and salvage property of the state. Article 6252-6b contains no exemption for the Surplus Property Agency from the provisions of article 601b that relate to the purchasing of supplies, materials, services, and equipment for all state agencies.
Neither of the acts in question contains a specific exemption applicable to purchases made by the Surplus Property Agency or to purchases that are paid from the agency's trust fund. Cf. Attorney General Opinion JM-417 (1985). Certain provisions of article 601b relating to the approval and payment of invoices and purchase vouchers may not be applicable to purchases made from the agency's trust fund, but we find no indication of a legislative intent to exempt the Surplus Property Agency from the applicable purchasing provisions of article 601b. See Attorney General Opinion H-138 (1973) (Board of Control to make purchases paid from Architects Registration Fund No. 109); M-1067 (1972) (no provision in statute that would exempt Legislative Property Tax Committee from requirement that purchases be made by Board of Control under prior purchasing act — i.e., art. 664-3, V.T.C.S.). Cf. V.T.C.S. art. 4442c, § 6C(j), (where legislature expressly provides that State Purchasing and General Services Act (article 601b) does not apply to payments made from the nursing home trust fund by a trustee operating a nursing home).
 SUMMARY
Purchases of supplies, materials, services and equipment by the Texas Surplus Property Agency are not exempt from applicable purchasing provisions of the State Purchasing and General Services Act.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Nancy Sutton Assistant Attorney General