

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Marvin J. Titzman
Executive Director
Texas Surplus Property Agency
P. O. Box 8120
San Antonio, Texas    78208

Opinion No. JM-445

Re:   Whether the Texas Surplus
Property Board may make purchases
from the trust fund created by
article 6252-6b, V.T.C.S., without
approval by the State Purchasing
and General Services Commission

Dear Mr. Titzman:

You ask whether purchases by the Texas Surplus Property Agency
which are paid for from its Service Charge Trust Fund are subject to
purchasing and approval procedures of the State Purchasing and General
Services Commission under article 601b, V.T.C.S.

Section 3.01 of the State Purchasing and General Services Act,
codified as article 601b, V.T.C.S., provides in pertinent part, that

> (a)  The [State Purchasing and General Services
> Commission] shall purchase, lease, rent, or other-
> wise acquire all supplies, materials, services,
> and equipment <u>for all state agencies</u>, except for
> serial and journal subscriptions for libraries
> operated as a part of university systems or
> institutions of higher education. . . . (Emphasis
> added).

Section 1.02(2) of article 601b defines a "state agency" to
include any department, commission, board, office, or other agency in
the executive branch of state government created by the constitution
or a statute of this state.  In our opinion, the Texas Surplus
Property Agency, created by article 6252-6b, V.T.C.S., is a state
agency within that definition.  As such, the Texas Surplus Property
Agency is subject to the applicable provisions of article 601b
relating to the purchase of supplies, materials, services, and
equipment unless an exception has been made by the legislature.  <u>Cf.</u>
Attorney General Opinion MW-177 (1980) (Higher Education Authority not
an agency in executive branch of state government and, therefore, not
subject to article 601b).

Where the legislature makes no exception to the provisions of a statute, the presumption is that it intended no exceptions. It is well settled that exceptions in statutes are not ordinarily implied. See Spears v. City of San Antonio, 223 S.W. 166, 169 (Tex. 1920); Stubbs v. Lowrey's Heirs, 253 S.W.2d 312, 313 (Tex. Civ. App. - Eastland 1952, writ ref'd n.r.e.).

Section 3.02 of article 601b expressly limits the State Purchasing and General Services Commission's purchasing authority. Such authority does not extend to purchases

    (1)  for resale;

    (2)  for auxiliary enterprises;

    (3)  for organized activities relating to instructional departments of institutions of higher learning and similar activities of other state agencies; or

    (4)  from gifts or grants other than federal grants.

Section 4(g) of article 6252-6b expressly grants an exemption to the Texas Surplus Property Agency from the provisions of sections 8.01 - 8.10 and 9.01 - 9.15 of article 601b, which provisions relate, respectively, to accounting for state property and to surplus and salvage property of the state. Article 6252-6b contains no exemption for the Surplus Property Agency from the provisions of article 601b that relate to the purchasing of supplies, materials, services, and equipment for all state agencies.

Neither of the acts in question contains a specific exemption applicable to purchases made by the Surplus Property Agency or to purchases that are paid from the agency's trust fund. Cf. Attorney General Opinion JM-417 (1985). Certain provisions of article 601b relating to the approval and payment of invoices and purchase vouchers may not be applicable to purchases made from the agency's trust fund, but we find no indication of a legislative intent to exempt the Surplus Property Agency from the applicable purchasing provisions of article 601b. See Attorney General Opinion H-138 (1973) (Board of Control to make purchases paid from Architects Registration Fund No. 109); M-1067 (1972) (no provision in statute that would exempt Legislative Property Tax Committee from requirement that purchases be made by Board of Control under prior purchasing act -- i.e., art. 664-3, V.T.C.S.). Cf. V.T.C.S. art. 4442c, §6C(j), (where legislature expressly provides that State Purchasing and General Services Act (article 601b) does not apply to payments made from the nursing home trust fund by a trustee operating a nursing home).

S U M M A R Y

Purchases of supplies, materials, services and
equipment by the Texas Surplus Property Agency are
not exempt from applicable purchasing provisions
of the State Purchasing and General Services Act.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General