

# THE ATTORNEY GENERAL
## OF TEXAS

September 25, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. William S. Nail
Executive Director
Texas State Board of Dental Examiners
8317 Cross Park Drive, Suite 400
Austin, Texas 78754

Opinion No. JM-796

Re: Authority of the State Board of Dental Examiners to reinstate a license that has been cancelled because of failure to comply with statutory requirements

Dear Mr. Nail:

Chapter 9 of Title 71 of the Revised Civil Statutes of Texas, specifically articles 4543 et seq., V.T.C.S., creates the State Board of Dental Examiners [hereinafter the board] and regulates the practice of dentistry. Article 4550a, V.T.C.S., sets forth, inter alia, registration requirements for dentists. Under a specific set of facts that you submit, you ask whether the State Board of Dental Examiners has the discretion to reinstate a licensee's dental license after the licensee has failed to annually apply and register with the board. Assuming the truth of the facts that you submit, we answer your question in the negative.

Article 4550a, V.T.C.S., contains the following relevant provisions:

> Sec. 1. It shall be the duty of all persons holding a dental license or dental hygienist license issued by the State Board of Dental Examiners, to annually apply and to be registered as such practitioners with the State Board of Dental Examiners on or before March 1st of each calendar year. Each person so registering shall pay in connection with such annual registration for the receipt hereinafter provided for, a fee as determined by said Board according to the needs of said Board, such payment to be made by each person to such Board, and every person so registering shall file with said Board a written application setting forth such facts as the Board may require. . . .

p. 3763

Sec. 2. If any person required to register as a practitioner under the provisions hereof shall fail or refuse to apply for such registration and pay such fee on or before March 1st of each calendar year, as hereinabove set forth, his license or certificate to practice issued to him, shall thereafter stand suspended so that thereafter in practicing he shall be subject to the penalties imposed by law upon any person unlawfully practicing. A person may renew an unexpired license or certificate by paying to the Board before the expiration of the license or certificate the required renewal fee. If a person's license or certificate has been expired for not longer than ninety (90) days, the person may renew it by paying to the Board the required renewal fee and a fee that is one-half of the examination fee for the license or certificate. If a person's license or certificate has been expired for longer than ninety (90) days but less than two years, the person may renew it by paying to the Board all unpaid renewal fees and a fee that is equal to the examination fee for the license or certificate. _If a person's license or certificate has been expired for two years or longer, the person may not renew it. The person may obtain a new license or certificate by submitting to reexamination and complying with the requirements and procedures for obtaining an original license or certificate. The Board must notify each licensee in writing of that licensee's impending license expiration 30 days prior to said expiration and shall attempt to obtain from the licensee signed receipt confirming receipt of notification._ . . . (Emphasis added.)

You provide us with the following factual information:

The license of a dental licensee of this Board became delinquent March 1, 1984 and remained in a delinquent status until March 1, 1986, a period of two years. Following the license being in a delinquent status for two years, the license was cancelled pursuant to the above referenced provision of the Dental Practice Act.

The licensee in question contacted this Agency in September, 1986 and requested that his license be reinstated. The licensee was advised that based on Attorney General Opinion No. MW-368 and

Article 4550a, Section 2, that the Board did not have the discretion to reinstate the license without the licensee taking and passing the Dental Examination.

Throughout 1984, 1985, and 1986 until the cancellation, all required registration forms, late notices, and the thirty (30) day cancellation letter were sent to the last known address which the licensee had furnished this Agency. Article 4550, Section 1, requires a licensee to provide timely notification to the Board of any address change. No record exists of any address change from the last known address of the licensee to which all correspondence was mailed. No attempt was made to secure a written receipt inasmuch as prior communications had been returned.

You claim that your agency sent the required statutory notice of the impending expiration of the licensee's license. However, there is correspondence submitted in connection with your request that claims you may have failed to provide proper notice of the expiration of the registrant's license. Because you do not ask whether there was substantial compliance with the notice provisions, we will not address the issue. Nor do we address the issue of whether the previous action may be corrected by some other means. You ask only whether the board has discretion to reinstate the registrant's license.

In our opinion, the underscored language of section 2 of the act is clear and unambiguous. Section 2 of the act requires that, if any person fails to renew his license within two years after the date by which a registrant should have applied for license renewal, that person's license may not be renewed. A plain and unambiguous statute should be construed according to its literal meaning. Brazos River Authority v. City of Graham, 354 S.W.2d 99, 109 (Tex. 1961). Furthermore, it is well established that exceptions to statutes may not ordinarily be implied. Spears v. City of San Antonio, 223 S.W. 166, 169 (Tex. 1920); Stubbs v. Lowrey's Heirs, 253 S.W.2d 312, 313 (Tex. Civ. App. - Eastland 1952, writ ref'd n.r.e.); Nail v. McCue, 55 S.W.2d 211, 213 (Tex. Civ. App. - El Paso 1932, no writ). Where the legislature has intended to except certain classes of persons from the requirements of licensing statutes, or to provide a period of grace, it has done so explicitly. See, e.g., Acts 1975, 64th Leg., ch. 709, §3, at 2253 (persons engaged in business of structural pest control for a period of two years granted two-year grace period before having to comply with examination requirements); Acts 1947, 50th Leg., ch. 115, §10, at 195 (persons holding existing plumbing licenses from a city are exempt from examination reqiurements for state licensing as a plumber if they apply within 120 days from effective date of

statutes); V.T.C.S. art. 4413 (29aa), §6(a) (persons who were peace officers prior to effective date of statute need not meet certain requirements in order to continue employment as peace officers; see generally Attorney General Opinion MW-368 (1981).

Accordingly, we conclude that the State Board of Dental Examiners does not have the discretion to reinstate the license of a registrant who has failed to renew his license within two years after the date by which a registrant should have applied for license renewal.

### S U M M A R Y

The State Board of Dental Examiners does not have the authority to reinstate the license of a registrant who has failed to renew his license within two years after the date by which a registrant should have applied for license renewal.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General